TRACY L. WILKISON
Acting United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
PETER DAHLQUIST (Cal. Bar No. 285548)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6267
    Facsimile: (951) 276-6202
    E-mail:   Peter.Dahlquist@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-00190-JGB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DAVID ANTHONY BATTLE |
| v. | |
| DAVID ANTHONY BATTLE, | |
| Defendant. | |

    1.   This constitutes the conditional plea agreement between David Anthony Battle ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in pursuant to Federal Rule of Criminal Procedure 11(a)(2). This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts One, Three,

Four, Five, Six, and Seven of the Indictment in *United States v. David Anthony Battle*, ED CR No. 20-00190-JGB, which charge defendant with Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a).

  b. Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

  h. Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after

consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

    i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

    ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

    iii.  Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

3.   Defendant and the USAO agree that defendant's entry of guilty pleas pursuant to paragraph 2(a) above will be conditional, in that defendant reserves the right, on appeal from the judgment, to seek review of the adverse determination of the Court's Order and Amended Order on the Government's Motion to Continue Trial and Request for Speedy Trial Act Findings of Excludable Delay, (ECF Nos. 23 & 24), Order Continuing Trial Date and Findings Regarding Excludable Time Periods Pursuant to Speedy Trial Act, (ECF No. 31), and Order Denying Defendant's Motion to Dismiss, (ECF No. 32).  If defendant prevails on appeal, defendant will be allowed to withdraw defendant's guilty pleas.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

    a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

5. Defendant understands that for defendant to be guilty of the crime charged in Counts One, Three, Four, Five, Six, and Seven, that is, Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a), the following must be true:

      a.   First, the defendant knowingly obtained money or property from or in the presence of a victim;

      b.   Second, the defendant did so by means of robbery;

      c.   Third, the defendant believed that a victim parted with the money or property because of the robbery; and

      d.   Fourth, the robbery affected interstate commerce.

PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. § 1951(a),

4

Interference with Commerce by Robbery, is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 120 years' imprisonment; a 3-year period of supervised release; a fine of $1,500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $600.

8.  Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty ; and (b) any Counts dismissed.  The parties currently believe that the applicable amount of restitution based on proceeds stolen during the robberies charged is approximately $5,453, but recognize and agree that the amount of restitution could change based on any number of facts, including, but not limited to, medical expenses based on the impact of the crimes on the victims.

5

9. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between July 6 and August 10, 2020, in Riverside and San Bernardino Counties, defendant robbed six pharmacies and attempted to rob two other pharmacies. During each robbery, defendant knowingly obtained cash against the will of the robbery victims by threatening to use force. In each robbery, defendant wore nearly identical attire, used a similar method of brandishing what appeared to be a handgun with his left hand, and demanded that money in the cash register be placed in a bag and handed over. Defendant knew that the

victims gave him cash from their registers only because defendant threatened force by brandishing what appeared to be a handgun.  The pharmacies defendant robbed were part of national pharmacy chains and each robbery affected interstate commerce.

On July 6, 2020, defendant robbed the Walgreens Pharmacy, located at 12275 Perris Boulevard, Moreno Valley, California.  During that robbery, defendant took $3,200 from victim employees T.C. and J.A.  Defendant committed this robbery by brandishing what victim employees T.C. and J.A. described as a handgun and then demanded that victim employee T.C. put money from the cash register in a bag and give it to defendant.  During this robbery, defendant knew that the victims gave him cash from one of their registers only because defendant threatened force by brandishing what appeared to be a handgun.  Walgreens Pharmacy is a national pharmacy chain, the inventory of which travels in interstate commerce, and this robbery affected interstate commerce.

On July 10, 2020, defendant attempted to rob the CVS Pharmacy located at 12280 Perris Boulevard, Moreno Valley, California.  During this attempted robbery, defendant brandished what victim employee C.C. described as a handgun and then demanded that C.C. put money from the cash register in a bag and give it to defendant.  C.C. did not put money from the register in a bag, and instead, stepped away from the register and raised her hands.  Defendant then left the store.  CVS is a national pharmacy chain, the inventory of which travels in interstate commerce, and this attempted robbery affected interstate commerce.

After attempting to rob the CVS pharmacy, that same night on July 10, 2020, defendant robbed the Rite Aid Pharmacy located at

8

23975 Ironwood Avenue, Moreno Valley, California.  During that robbery, defendant took $372 from victim employee C.A.  Defendant committed this robbery by brandishing what victim C.A. described as a handgun and then demanded that victim employee C.A. put the money from the cash register in a bag and give it to defendant.  During this robbery, defendant knew that victim employee C.A. gave him cash from the register only because defendant threatened force by brandishing what appeared to be a handgun.  Rite Aid Pharmacy is a national pharmacy chain, the inventory of which travels in interstate commerce, and this robbery affected interstate commerce.

On July 15, 2020, defendant robbed the Rite Aid Pharmacy located at 2025 East Washington Street, Colton, California.  During that robbery, defendant took $440 from victim employees S.J. and C.G.  Defendant committed this robbery by brandishing what victim employee S.J. described as a handgun and then demanded that victim employee S.J. put money from the cash register in a bag and give it to defendant.  During this robbery, defendant knew that victim employee S.J. gave him cash from the register only because defendant threatened force by brandishing what appeared to be a handgun.  Rite Aid Pharmacy is a national pharmacy chain, the inventory of which travels in interstate commerce, and this robbery affected interstate commerce.

On or about July 30, 2020, defendant robbed the CVS Pharmacy, located at 5200 North University Parkway, San Bernardino, California.  During that robbery, defendant took $319 from victim employee J.L.  Defendant committed this robbery by brandishing what victim employee J.L. described as a handgun and then demanded that victim employee J.L. put the money from the cash register in a bag and give it to

defendant. During this robbery, defendant knew that victim J.L. gave him cash from the register only because defendant threatened force by brandishing what appeared to be a handgun. CVS Pharmacy is a national pharmacy chain, the inventory of which travels in interstate commerce, and this robbery affected interstate commerce.

On or about August 1, 2020, defendant robbed the Walgreens Pharmacy, located at 25011 Alessandro Boulevard, Moreno Valley, California. During that robbery, defendant took $381 from victim employee J.G. Defendant committed this robbery by brandishing what victim employee J.G. described as a handgun and then demanded that victim employee J.G. put money from the cash register in a bag and give it to defendant. During this robbery, defendant knew that victim J.G. gave him cash from the register only because defendant threatened force by brandishing what appeared to be a handgun. Walgreens Pharmacy is a national pharmacy chain, the inventory of which travels in interstate commerce, and this robbery affected interstate commerce.

On or about August 4, 2020, defendant robbed the Rite Aid Pharmacy, located at 24991 Alessandro Boulevard, Moreno Valley, California. During that robbery, defendant took $741 from victim employee N.G. Defendant committed this robbery by brandishing what victim employee N.G. described as a handgun and then demanded that victim employee N.G. put money from the cash register in a bag and give it to defendant. During this robbery, defendant knew that victim employee N.G. gave him cash from the register only because defendant threatened force by brandishing what appeared to be a handgun. Rite Aid Pharmacy is a national pharmacy chain, the

inventory of which travels in interstate commerce, and this robbery affected interstate commerce.

On August 10, 2020, defendant attempted to rob the Walgreens Pharmacy located at 16020 Perris Boulevard, Moreno Valley, California. During that attempted robbery, defendant parked his car across the street from the Walgreens, walked across the street into the Walgreens parking lot, and walked toward the Walgreens. Defendant was wearing nearly the same attire he wore during the other six robberies and one prior attempted robbery. When officers approached defendant to arrest him, defendant ran about 100 yards before surrendering. While he was running, defendant dropped a black BB gun. The BB gun is labeled with "Glock" logos on the barrel and the grip, but it is not a real firearm. Walgreens is a national pharmacy chain, the inventory of which travels in interstate commerce, and this attempted robbery would have affected interstate commerce.

## SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crimes of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2B3.1(a) |
| Dangerous Weapon Brandished or Possessed | +3 | U.S.S.G. § 2B3.1(b)(2)(E) |
| Adjustment: Multiple Counts | +5 | U.S.S.G. § 3D1.4 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

12

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, or an appeal on the grounds specifically reserved in paragraph 3 above, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

20.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 100

months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $5,453; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 70 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $5,453.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

14

obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not

be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION
## AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to

fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____     February 25, 2021
PETER DAHLQUIST                     Date
Assistant United States Attorney

_____     24 FEB 2021
DAVID ANTHONY BATTLE                Date
Defendant

_____     2/24/21
YOUNG KIM                           Date
Deputy Federal Public Defender
Attorney for Defendant
DAVID ANTHONY BATTLE

18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     24 FEB 2021
DAVID ANTHONY BATTLE                   Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am David Anthony Battle's. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

19

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        2/24/21
YOUNG KIM                              Date
Deputy Federal Public Defender
Attorney for Defendant
DAVID ANTHONY BATTLE